United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **FRANCISCO JUAREZ, JR.,**<br>*Plaintiff,*<br><br>**v.**<br><br>**VESTAS-AMERICAN WIND TECHNOLOGY, INC.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 7:25-cv-00522** |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Rule 12(b) Motion to Dismiss and Alternatively, Motion for More Definite Statement. (Dkt. No. 7) (the "Motion"). Having considered the motion, the response, and the applicable law, the Court finds that the motion should be **GRANTED**.

## I. BACKGROUND[1]

Plaintiff, Francisco Juarez, Jr., a former employee of Vestas-American Wind Technology, claims that his employment was terminated due to his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. (Dkt. No. 1) (the "Complaint"). According to the Complaint, Plaintiff was employed by Defendant as a "Technician II" for four years, until he was discharged on November 16, 2023, at the age of 46. Compl. ¶¶ 4.01–4.04. The termination letter Plaintiff received stated he was terminated for bypassing a safety device on November 13, 2023. *Id.* ¶ 4.07. Plaintiff

[1] Unless otherwise noted, the Court's recitation of facts is derived from the Complaint, (Dkt. No. 1), and are taken as true and viewed in the light most favorable to Plaintiffs. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

disputes this, claiming he was working at a different location than stated in the letter, and that the claim that he bypassed a safety device was a pretext for unlawful age discrimination. *Id.* ¶¶ 4.06, 4.10, 4.24. To bolster this claim, Plaintiff points to three younger employees who were not accused of bypassing a security device, but instead, were guilty of "staging an unauthorized medical emergency where an employee faked a heart attack that caused chaos at the job site" or who were "involved in a motor vehicle accident," and were not terminated. *Id.* ¶¶ 4.15–4.16, 4.18–4.19, 4.21–4.22.

On September 2, 2025, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission, authorizing him to bring a personal suit against Defendant within 90 days. (Dkt. No. 1-1). Plaintiff filed a Complaint against Defendant on November 12, 2025, asserting a single claim of age discrimination under the Age Discrimination in Employment in Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, seeking all available remedies under the ADEA.[2] Compl. ¶6.01.

Defendant filed this Motion on December 12, 2025, (Dkt. No. 7), Plaintiff filed his Response on December 29, 2025, (Dkt. No. 8) (the "Response"), and Defendant filed its Reply on January 5, 2026, (Dkt. No 9) (the "Reply").

## II. LEGAL STANDARD

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept a plaintiff's factual allegations as true and view those allegations in the light most favorable to the

[2] In his Response to Defendant's Motion to Dismiss, Plaintiff conceded that his claims for punitive damages and compensatory damages for pain, suffering, or emotional distress were not recoverable under the ADEA, and were withdrawn. *See* Resp. ¶ 10 ("Plaintiff acknowledges that certain damages listed in the Complaint are not recoverable under the ADEA, and he does not intend to pursue them.").

plaintiff. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See Iqbal*, 556 U.S. at 678.; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))). Therefore, in order "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

**III. ANALYSIS**

The ADEA provides, in relevant part, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The protected class includes individuals who are at least forty years old. *See* 29 U.S.C. §§ 631(a), 633a(a). When analyzing a motion to dismiss under the ADEA "the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Norsworthy v. Houston Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). "'The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement.'" *Id.* (quoting *Swierkiewicz*, 534 U.S. at 510). "A plaintiff thus need not allege the prima facie case of that evidentiary framework to survive a Rule 12 motion to dismiss." *Haskett v. Cont'l Land Res., L.L.C.*, 668 F. App'x 133, 134 (5th Cir. 2016).

However, a court may rely on the prima facie elements "to frame [its] inquiry" at the pleading stage. *Norsworthy*, 70 F.4th at 336; *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas* to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

So, at this stage, the Court must decide whether Plaintiff has pleaded enough facts, accepted as true, to plausibly allege an ADEA claim. *See Swierkiewicz*, 534 U.S. at 512.

"The prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees." *Saunders v. Hous. Foam Plastics*, No. 5:23-CV-00156, 2023 WL 3313118, at *5 (W.D. Tex. May 5, 2023) (citing *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013)).

Defendant points to two failings within Plaintiff's complaint, namely that Plaintiff has failed to allege he was qualified for his position, and he has failed to plead that he was replaced by or treated less favorably than others similarly situated outside his protected class. Mot. at 7. The Court addresses each issue in turn.

**A. Plaintiff's Failure to Allege He Was Qualified for His Position**

As stated above, the second element of a viable ADEA claim requires the Plaintiff to have been "qualified for the position." *Saunders*, 2023 WL 3313118, at *5.

Defendant argues that Plaintiff's allegations that "[a]t the time Defendant discharged Mr. Juarez, he had worked for Defendant for about 4 years," and "[a]t the time Defendant discharged Mr. Juarez, he was employed as a Technician II," are insufficient to allege that he was qualified for his position. Compl. ¶¶ 4.07–4.08; Mot. at 7. In his response, Plaintiff argues that his four-year employment speaks to his qualifications, and that he performed his job "successfully up to his termination, with no noted deficiencies apart from the disputed safety accusation." Resp. at 3. Plaintiff

correctly points out that alleging his four-year tenure with no noted deficiencies would be adequate to allege his qualifications for the position, however, as Defendant points out, these allegations are located nowhere in the Complaint, and instead are only found in the Response. Resp. at ¶ 8; Reply at 3.

Accordingly, the Court finds that Plaintiff has failed to adequately allege sufficient factual allegations to plausibly plead he was qualified for his position. However, this defect, on its own, is not fatal.

**B. Plaintiff's Failure to Adequately Allege a Comparator**

Alternatively, Defendant also argues that Plaintiff has failed to plead a plausible claim because he has failed to adequately allege that he was either replaced by someone outside the protected class or that he was treated less favorably than others similarly situated. *See* Mot. at 8–9.

The ADEA requires "an employee [to] proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" *Reyna v. Donley*, 479 F. App'x 609, 611–12 (5th Cir. 2012) (per curiam) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *see also Barfield v. Fed. Express Corp.*, 351 F. Supp. 3d 1041, 1054–55 (S.D. Tex. 2019) (applying *Lee* to an ADEA claim); *Marable v. Dep't of Commerce*, No. 3:18-cv-3291-N, 2021 WL 536510, at *10 (N.D. Tex. Jan. 28, 2021) ("Marable's ability to establish a prima facie case of discrimination under Title VII and the ADEA turns on his identifying a proper

comparator, to meet the fourth prong."), *rec. accepted*, 2021 WL 535851 (N.D. Tex. Feb. 12, 2021), *aff'd*, 857 F. App'x 836 (5th Cir. 2021).

In an attempt to satisfy the fourth prong, Plaintiff alleges that he was replaced with someone younger, and that other, younger employees, made more actionable mistakes, yet were not fired. To the first point, Plaintiff merely alleges that "[a]fter his termination, Vestas replaced Mr. Juarez with a younger male." Compl. ¶ 4.13. To the second point, Plaintiff alleges that two of Defendant's other employees, both in their 30s, each staged an unauthorized medical emergency where an employee faked a heart attack that caused chaos at the job site yet were not terminated. Compl. ¶¶ 4.15–4.20. Additionally, Plaintiff alleges that a third coworker, with an unknown age, who was also a "Technician II," was "involved in a motor vehicle accident," and was not terminated. *Id.* ¶¶ 4.21–4.23. These allegations are not sufficient to overcome Defendant's Motion.

First, "[m]erely stating [he was] replaced with younger employees, who cannot be identified with any degree of specificity, is not sufficient at the pleading stage because it is a mere recitation of the element." *Dozier v. Voodoo Energy Servs. LLC*, No. 5:24-CV-00296, 2025 WL 606186, at *7 (W.D. La. Feb. 25, 2025) (citing *Jenkins v. City of Dall., Tex.*, 717 F. Supp. 3d 528, 534–35 (N.D. Tex. 2024)). While Plaintiff is not required to detail at great lengths the name, identity, background, and history of his replacement, he must allege more than being replaced by an unknown younger person. *See id.* Further, even if this allegation were sufficient, at this stage, to establish that someone younger than Plaintiff replaced him, Plaintiff is 46 years-old; the fact that a replacement is younger,

with nothing else, does not plausibly allege the replacement is not a member of the same protected class as Plaintiff (i.e., over the age of 40).

Second, Plaintiff's reliance on the alleged comparators detailed in the Complaint is insufficient. While Plaintiff alleges two younger employees were not disciplined for "staging an unauthorized medical emergency," he does not allege any comparison or similarities between himself and the comparators outside of their common employer. Compl. ¶¶ 4.15–4.20. Plaintiff need not conclusively prove that "'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories,'" however, if Plaintiff intends to rely on the alleged comparators in the Complaint, he cannot omit the basis for them to be considered "'under nearly identical circumstances.'" *Reyna*, 479 F. App'x at 611–12 (quoting *Lee*, 574 F.3d at 260). The same issue exists with the third comparator. While Plaintiff adequately alleges that the third comparator held the same position as Plaintiff, Plaintiff fails to allege that the third comparator was outside Plaintiff's protected class. *See Gibbs v. Kipp Tex. Pub. Schs.*, No. 3:25-cv-3022-D, 2026 WL 2667532, at *6 (N.D. Tex. Sept. 10, 2026) (dismissing ADEA claims because plaintiff failed to allege the age or race of the alleged comparators identified in the complaint). Further, Plaintiff has failed to allege, in any manner, how any of the comparators' actions that resulted in discipline were either of the same level or more grievous than the reason stated in Plaintiff's termination letter.

Although the *McDonnell Douglas* standard is an evidentiary one, Plaintiff is still required to plead all the elements of his claim, which he has failed to do here. *Rios v. City*

*of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ."). Accordingly, the Court finds that Plaintiff has failed to plead sufficient factual allegations to support his age discrimination claim, and his claim should be dismissed.

**C. Leave to Amend**

Plaintiff asks that, should the Court grant Defendant's motion, it be without prejudice, so that he can amend the Complaint and address any deficiencies in the Court finds. Resp. at ¶ 14.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(A)). "Rule 15(a) evinces a bias in favor of granting leave to amend. Its purpose is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1983). The decision of whether to grant leave to amend is within the discretion of the district court. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007).

Plaintiff has not demonstrated undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or futility, nor has Defendant established that amendment would be futile or it would suffer undue prejudice should leave to amend be granted.

Contrary to Defendant's claims that Plaintiff has pleaded his "best case," the defects in Plaintiff's pleadings appear readily curable, and Plaintiff could plausibly plead additional facts establishing age discrimination under the ADEA. Accordingly, the Court finds that leave to amend should be granted. That said, the Court grants leave to amend with the understanding that Plaintiff will do so only to the extent he believes in good faith that he can plead additional factual material that could satisfy the legal standards and deficiencies identified herein. *See* Fed. R. Civ. P. 15(a)(2).

## IV. CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss. (Dkt. No. 7). The Court **DISMISSES WITHOUT PREJUDICE** the Plaintiff's Complaint. Any amended complaint must be filed and served within fourteen (14) days of this Order. The Court **DENIES** all other requests for relief.

The Court further **ORDERS** that Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 15), and Plaintiff's Motion for Summary Judgment, (Dkt. No. 28), are **DENIED AS MOOT**. Discovery in this case is hereby **STAYED** pending further order of the Court.

It is **SO ORDERED**

SIGNED on November 2, 2026.

**JOHN G.E. MARCK**
**UNITED STATES DISTRICT JUDGE**